Filed 8/11/25  In re E.L. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

|  |  |
|---|---|
| In re E.L., a Minor. | |
| C.H. et al., | C103465 |
| Petitioners and Respondents, | (Super. Ct. No. 24AB00101) |
| v. | |
| J.N., | |
| Objector and Appellant. | |

Appellant Jessica N. (mother) appeals the probate court's March 14, 2025, order freeing E.L. from her custody and control so that he could be adopted by his paternal grandparents, the respondents in this case.  Mother contends the probate court failed to comply with its duties of inquiry under the Indian Child Welfare Act of 1978 (ICWA) because the probate court failed to order the court-appointed investigator to ask extended family members on the maternal and paternal side concerning possible Native American ancestry.  (25 U.S.C. § 1901 et seq.; Welf. & Inst. Code, § 224.2.)  Respondents disagree,

1

arguing the record shows a reasonable investigation supporting the probate court's finding that the ICWA did not apply. We conclude the record reflects an incomplete further inquiry under the ICWA. Accordingly, we will conditionally reverse the judgment and remand for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

Authorities arrested mother for shooting and killing E.L.'s father on November 6, 2020. The same day, respondents, E.L.'s paternal grandmother and her husband took custody of E.L. Respondents obtained guardianship of E.L. on December 17, 2020, and have been E.L.'s sole care providers since November 6, 2020. On December 23, 2024, respondents filed a petition to free E.L. from mother's custody and care under Probate Code section 1516.5 so that they could adopt E.L.

According to the court investigator's report filed January 23, 2025, paternal grandmother stated that E.L. had no Native American ancestry, nor tribal affiliation. Therefore, the report concluded the ICWA did not apply. The investigator attempted to interview mother at the county jail but was unable to do so due to staffing issues. It appears from the information in this report that paternal grandmother's former husband, R.L., Jr., was E.L.'s paternal grandfather.

At a hearing held January 24, 2025, respondents' attorney asked the trial court to inquire if mother had any Native American heritage as required by the ICWA. Thereafter, mother told the court her half brother, A.D., was affiliated with the Navajo tribe and lived in Arizona. Mother may have had cousins with Native American ancestry and was not sure whether she had other siblings with Native American ancestry. Mother provided the names of maternal grandmother and maternal grandfather. She did not think maternal grandmother was affiliated with a tribe and did not know whether maternal grandfather was so affiliated. Mother did not know whether her grandparents, great-grandparents, or siblings were enrolled in a tribe because she was adopted. Mother thought maternal grandmother had tried to speak with her about tribal enrollment when she was a child.

2

The ICWA-030 form filed by respondents on January 27, 2025, reflected that E.L. might have been eligible for membership in the Navajo, Cherokee, Apache, and Turanaco tribes. This form provided the names and dates of birth for E.L., his parents, paternal grandparents, and maternal grandfather. The form also provided names for maternal grandmother, two maternal great-grandmothers, two maternal great-grandfathers, a paternal great-grandmother, a paternal great-grandfather, and a maternal uncle. The form further listed possible tribal affiliations by relative. The form was transmitted to 10 different tribes.[1] Six of these tribes responded that E.L. was not a member or eligible for membership. The record does not reflect responses from the remaining four tribes. Finally, the ICWA-030 form reflected service to the Bureau of Indian Affairs (BIA), but not the State Department of Social Services.

The only discussion of the ICWA at the March 14, 2025, contested hearing to free E.L. from mother's care and custody was a request to find that the ICWA did not apply. The probate court granted this request stating, "Yes, based on the materials that have been provided to the Court, the Court is able to rule that ICWA does not apply in this case." Accordingly, the court granted respondents' request, terminating mother's parental rights and freeing E.L. for adoption. Mother timely appealed.

## DISCUSSION

The ICWA "protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings." (*In re A.W.* (2019) 38 Cal.App.5th 655, 662.) The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an

---

[1] Respondents were unable to locate a "Turanaco" tribe.

3

Indian tribe." (25 U.S.C. § 1903(4).) "In the context of a petition to free a minor from a parent's custody and care pursuant to . . . Probate Code section 1516.5, the court, petitioner, and court-appointed investigator have an affirmative and continuing duty to inquire whether the child is, or might be, an Indian child." (*Adoption of M.R.* (2022) 84 Cal.App.5th 537, 541.) This duty is discharged "by 'asking the child, parents, legal guardian, Indian custodian, extended family members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled.' " (*In re Dezi C.* (2024) 16 Cal.5th 1112, 1125 (*Dezi C.*).)

Welfare and Institutions Code,[2] section 224.2, subdivision (e) provides that where there is "reason to believe that an Indian child is involved," but there is insufficient information to determine whether "there is reason to know that the child is an Indian child," further inquiry must be made as soon as practicable. "There is reason to believe a child involved in a proceeding is an Indian child whenever the court . . . has information suggesting that either the parent of the child or the child" is a member of an Indian tribe or eligible for membership. (§ 224.2, subd. (e)(1).) "The required further inquiry includes (1) interviewing the parents and extended family members; (2) contacting the [BIA] and State Department of Social Services; and (3) contacting tribes the child may be affiliated with and anyone else that might have information regarding the child's membership or eligibility in a tribe. (§ 224.2, subd. (e)(2)(A)-(C).)" (*Dezi. C., supra*, 16 Cal.5th at pp. 1132-1133.) "At this stage, contact with a tribe 'shall, at a minimum, include telephone, facsimile, or electronic mail contact to each tribe's designated agent for receipt of [ICWA] notices,' and 'sharing information identified by the tribe as necessary for the tribe to make a membership or eligibility determination, as well as

---

[2]     Undesignated statutory references are to the Welfare and Institutions Code.

4

information on the current status of the child and the case.' ([§ 224.2,] subd. (e)(2)(C).)" (*Id*. at p. 1133.)

A court's finding that the ICWA does not apply is "subject to reversal based on sufficiency of the evidence." (§ 224.2, subd. (i)(2).) The court's "fact-specific determination that an inquiry is adequate, proper, and duly diligent is 'a quintessentially discretionary function' [citation] subject to a deferential standard of review." (*Dezi C., supra*, 16 Cal.5th at p. 1141.) " 'On a well-developed record, the court has relatively broad discretion to determine whether the . . . inquiry was proper, adequate, and duly diligent on the specific facts of the case. However, the less developed the record, the more limited that discretion necessarily becomes.' " (*In re Kenneth D.* (2024) 16 Cal.5th 1087, 1101-1102.)

In this case, mother contends the court failed to comply with its duty of inquiry because the record contains no documentation concerning efforts to "contact or interview any maternal family." She reasons her statements concerning possible Native American heritage created a reason to believe E.L. may be an Indian child triggering a duty of further inquiry and that the ICWA-030 notice was insufficient to establish compliance with that duty. Mother further complains that the record does not reflect ICWA inquiry of paternal grandfather or other extended paternal family members beyond paternal grandmother. Mother contends finding the ICWA did not apply in these circumstances was an abuse of the trial court's discretion. Respondents disagree, urging this court to use the information contained in the ICWA-030 form to infer that further investigation into E.L.'s possible status as an Indian Child did occur and was reasonable under the circumstances. (*Dezi C., supra*, 16 Cal.5th at p. 1140.)

"In the context of a petition to free a minor from a parent's custody and care pursuant to Family Code section 7820 or 7822 or Probate Code section 1516.5, the court, petitioner, and court-appointed investigator have an affirmative and continuing duty to inquire whether the child is, or might be, an Indian child. (*In re Noreen G.* (2010)

5

181 Cal.App.4th 1359, 1387; see also Cal. Rules of Court, rule 5.481(a)(1).)" (*Adoption of M.R., supra*, 84 Cal.App.5th at p. 541.) Clearly, that did not occur here.

However, we conclude conditional reversal is required for a different reason.[3] There is no information in the record reflecting contact with the State Department of Social Services as required. (§ 224.2, subd. (e)(2)(B).) Further, the probate court made its ICWA determination without obtaining responses from four of the noticed tribes, including E.L.'s maternal uncle's tribe originally identified by mother in January 2025. Thus, the record reflects the ICWA inquiry was incomplete when the court found that the ICWA did not apply in this case.

Where the ICWA inquiry is inadequate, *Dezi C.* has explained that conditional reversal with directions to comply with the requirements of the ICWA is required. (*Dezi C., supra*, 16 Cal.5th at p. 1136.) Accordingly, we will conditionally reverse and remand the case to the probate court for further proceedings. Respondents and the court-appointed investigator are to make additional inquiry and document efforts consistent with their duties, and the probate court shall hold a hearing thereafter to determine whether, in light of the outcome of the inquiry as documented, the ICWA applies. (*Dezi C.*, at p. 1137.) If the probate court determines that the inquiry is proper, adequate, and duly diligent and concludes that the ICWA does not apply, any inquiry error is cured, and the judgment shall be reinstated. (*Dezi C.*, at pp. 1137-1138.) In contrast, if the inquiry reveals a reason to know that the E.L. is an Indian child, the tribe has been notified, and the tribe determines that E.L. is a member or citizen, or eligible for membership or citizenship of an Indian tribe, then the ICWA applies, and the probate court must proceed in accordance with the ICWA. (*Dezi C.*, at p. 1138.) In this instance, denial of

---

[3] Given this conclusion, we do not determine whether the ICWA-030 form could be utilized to show compliance with the ICWA in this instance, and mother may raise her remaining complaints concerning inquiry of extended family members on remand.

respondents' request would be required, as Probate Code section 1516.5 does not apply to Indian children.  (Prob. Code, § 1516.5, subd. (d).)

## DISPOSITION

The judgment is conditionally reversed and remanded for the limited purpose of compliance with the ICWA.  If the probate court thereafter finds a further inquiry was proper, adequate, and duly diligent and concludes the ICWA does not apply, the judgment shall be reinstated.  If, however, the probate court concludes the ICWA applies, respondents' request must be denied in accordance with Probate Code section 1516.5, subdivision (d).


                                          /s/
                                    EARL, P. J.



We concur:



       /s/
BOULWARE EURIE, J.



       /s/
MESIWALA, J.

7